IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM BLACKWELL,** | : | CIVIL ACTION NO. 1:12-CV-825 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **MIDDLETOWN BOROUGH POLICE** | : | |
| **DEPARTMENT,** *et al..*, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 12th day of September, 2012, upon consideration of the Report and Recommendation of United States Magistrate Judge Martin C. Carlson (Doc. 5), recommending that Plaintiff's complaint (Doc. 1) against District Judge Judy be dismissed without prejudice, and, following an independent review of the record, it appearing that neither party has objected to the magistrate judge's report and recommendation, and that there is no clear error on the face of the record,[1] see Nara v.

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), and the court noting that plaintiff filed an amended complaint on June 15, 2012 (Doc. 8), which does not address the deficiencies set forth in Judge Carlson's Report and Recommendation, it is hereby ORDERED that:

1. The amended complaint (Doc. 8) is hereby STRICKEN from the record.

2. The Report and Recommendation of Magistrate Judge Carlson (Doc. 5) are ADOPTED.

3. Plaintiff's complaint (Doc. 1) against Defendant District Judge Judy is DISMISSED without prejudice. Plaintiff is granted leave to file an amended complaint within twenty (20) days addressing the specific deficiencies noted in Judge Carlson's Report and Recommendation. Failure to file an amended complaint in a timely fashion shall be deemed an abandonment of claims against Defendant Judy and the case shall proceed against the remaining defendants.

4. The above-captioned case is REMANDED to Magistrate Judge Carlson for further proceedings.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge