**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM BLACKWELL,** | : | **Civil No. 1:12-CV-825** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **MIDDLETOWN BOROUGH POLICE** | : | |
| **DEPARTMENT, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**REPORT AND RECOMMENDATION**

**I.      Statement of Facts and of the Case**

The plaintiff, William Blackwell, is a state prisoner who is proceeding *pro se*. On May 3, 2012, Blackwell filed an initial civil complaint with this court which named the Middletown Borough Police Department, three Middletown police officers, and a district judge, David Judy, as defendants. (Doc. 1.) In his complaint, Blackwell stated that the police officers violated his civil rights in the course of a 2010 police investigation into alleged drug trafficking and weapons offenses by Blackwell. (Id.) In particular, Blackwell alleged misfeasance by the police officers in the course of an investigation that led police to secure, and execute, a search warrant at Blackwell's residence. (Id.)  District Judge Judy's alleged involvement in this misconduct is

limited to the performance of his judicial duties; namely, Blackwell alleged that District Justice Judy authorized the issuance of a search warrant to the police, a warrant which was later the subject of a successful suppression motion in Blackwell's state criminal prosecution. (Id.)

On an initial screening review, we recommended that the Court dismiss Blackwell's complaint against District Justice Judy for failure to state a claim upon which relief can be granted. (Doc. 5.) The district court adopted this recommendation, and dismissed Blackwell's complaint without prejudice to the filing of an amended complaint. (Doc. 9.)

Blackwell has now submitted this amended complaint, along with a motion for leave to file this amended complaint. (Docs. 15 and 16.) The proposed amended complaint once again names three Middletown Police officers as defendants, and recites that these officers engaged in misconduct in the course of the investigation which led to the issuance of this state search warrant. (Id.) While Blackwell's amended complaint makes specific factual averments relating to the alleged conduct of the three police officers, the complaint also names an institutional defendant, the Middletown Borough Police Department, but makes no specific assertions regarding this institutional defendant. (Id.) Thus, the amended complaint apparently seeks to

hold this institutional defendant liable on a *respondeat superior* theory of liability simply because it employed the three named officers.

Upon a second screening review of this proposed amended complaint, for the reasons set forth below, we recommend: (1) that Blackwell be granted leave to amend his complaint; (2) that the complaint be served upon the individual officers; but (3) that the institutional defendant, the Middletown Borough Police Department, be dismissed from this action.

II. **Discussion**

A. **Blackwell Should be Granted Leave to Amend His Complaint, But the Claims Against the Middletown Borough Police Department Should be Dismissed**

Rule 15 of the Federal Rules of Civil Procedure governs amendments and supplementation of pleadings. Fed. R. Civ. P. 15. Rule 15(a) authorizes a party to amend his pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading, or 21 days after service of a dispositive motion under Rule 12, whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A) and (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent, or the court's leave," which courts are to freely give "when justice so requires." Fed. R. Civ. P. 15(a)(2). Consistent with this policy, leave to amend rests in the discretion of the

court.  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000).

That discretion, however, is governed by certain basic principles, principles that are embodied in Rule 15 of the Federal Rules of Civil Procedure. In this regard, while Rule 15 provides that leave to amend should be freely given when justice so requires, the district court still retains broad discretion to deny a motion to amend. Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001). Furthermore, "'[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.' In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997); ('Burlington'); Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir.1993). 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. Burlington, 114 F.3d at 1434." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).  Thus, a party moving to amend a complaint must allege sufficient well-pleaded facts to state a claim upon which relief may be granted, and motions for leave to amend that are judged against Rule 15's futility standard must satisfy legal requirements similar to those governing the sufficiency of complaints generally since this threshold requirements for an amended complaint mirror the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides

that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of

Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic

Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a

plaintiff must provide some factual grounds for relief which "requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of actions

will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief

above the speculative level." Id. In keeping with the principles of Twombly, the

Supreme Court has underscored that a trial court must assess whether a complaint

states facts upon which relief can be granted when ruling on a motion to dismiss. In

Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when

considering a motion to dismiss, a court should "begin by identifying pleadings that,

because they are no more than conclusions, are not entitled to the assumption of

truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not

suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the

Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than
> conclusions are not entitled to the assumption of truth. While legal
> conclusions can provide the framework of a complaint, they must be
> supported by factual allegations. When there are well-pleaded factual
> allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Applying these standards, while we conclude that Blackwell's complaint should be served on the individual defendants named in that pleading, we recommend that the amended complaint be dismissed as to the institutional defendant named in that pleading, the Middletown Borough Police Department.

With respect to this institutional defendant, as a threshold matter, we note that the police department is not be a proper institutional defendant in this action since police departments serve only as an administrative arm of a municipality, and it is a municipality through which any liability must flow to the police department. Indeed, it has been repeatedly held that a police department is not a "person" for purposes of

§1983 and therefore is not a proper defendant in a §1983 action. Golya v. Golya, 2007 U.S. Dist. LEXIS 58093, *29-30 (M.D. Pa. 2007) (explaining that courts within the Third Circuit have concluded that a police department is merely a sub-unit of the local government and is not amenable to suit under §1983); Wivell v. Liberty Township Police Dept., 2007 U.S. Dist. LEXIS 54306, *5-6 (M.D. Pa. 2007) (explaining that police department not subject to suit in a §1983 action); Mitros v. Cooke, 170 F. Supp. 2d 504, 507 (E.D. Pa. 2001)( city police department is a sub-unit of the city government that is merely a vehicle through which the city fulfills its policing functions, and is not a separate entity for purposes of suit; Tobin v. Badamo, 3:00CV783, 2000 WL 1880262 (M.D. Pa. Dec. 20, 2000)(municipal police department is not a proper party to a section 1983 action because it is merely a subunit of the city and not a separate corporate entity); McMahon v. Westtown–East Goshen Police Dept., No. Civ.A. 98–3919, 1999 WL 236565, 1999 U.S. Dist. LEXIS 5551, at *4 (E.D. Pa. Apr. 22, 1999) (citing Johnson v. City of Erie, 834 F.Supp. 873, 878–79 (W.D. Pa.1993) and Agresta v. City of Philadelphia, 694 F.Supp. 117, 119 (E.D. Pa.1988));Johnson v. City of Erie, Pa., 834F.Supp.873, 879 (W.D. Pa.1993).

Moreover, to the extent that Blackwell seeks to hold any institutional defendant liable for these alleged civil rights violations, he must meet an exacting burden of pleading and proof. It is well-settled that local governmental entities may not be held liable under § 1983 for the acts of others under a theory of *respondeat superior* or

vicarious liability. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see also Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991). Instead, such an agency may only be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

Thus, to sustain a such claim a plaintiff must "identify a . . . 'policy' or 'custom' that caused the plaintiff's injury." Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403 (1997). This custom must be "so widespread as to have the force of law." Id. at 404; see also Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996) (a policy is an official proclamation or edict of a municipality, while a custom is a practice that is "so permanent and well settled as to virtually constitute law") (quoting Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir. 1990) (citations omitted).

The plaintiff must further "allege that a 'policy or custom' of [the defendants] was the 'moving force' behind the [constitutional] violation." Grayson v. Mayview State Hosp., 293 F.3d 103, 107 (3d Cir. 2002) (citing Brown, 520 U.S. at 404). A municipality can be held liable on the basis of failure to train when "that failure amounts to 'deliberate indifference . . . [of the constitutional] rights of persons. . . .'" Woloszyn v. County of Lawrence, 396 F.3d 314, 324 (3d Cir. 2005) (citations

10

omitted). There must also be a causal nexus, in that the "'identified deficiency in [the] training program must be closely related to the ultimate [constitutional] injury.'" Id. at 325 (citations omitted). Therefore, analysis of a claim under Monell requires separate analysis of two distinct issues: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so whether the [municipality] is responsible for that violation." Collins v. City of Harker Heights, Texas, 503 U.S. 115, 120 (1992).

An institutional defendant may also be liable for constitutional violations resulting from inadequate training or supervision of its employees if the failure to train amounts to a custom of the municipality. However, failure-to-train claims also must meet precise and demanding legal criteria. Such a failure must "amount[] to deliberate indifference to the constitutional rights of persons with whom the police come in contact." Colburn, 946 F.2d at 1028 (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)). Proving agency liability on a theory of deliberate indifference is an especially difficult showing for a plaintiff to satisfy where the plaintiff has alleged that insufficient training or supervision has caused constitutional violations. Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997). Such a showing requires that "(1) . . . lawmakers know that employees will confront a similar situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." Carter v. City of Phila., 181 F.3d 339, 357 (3d Cir. 1999). Moreover, the plaintiff

proceeding on such a theory must establish that the agency's "deliberate conduct . . . was the 'moving force' behind the injury alleged." Reitz, 125 F.3d at 145 (quoting Brown, 520 U.S. at 404). Therefore, the need for training, supervision, or other corrective action to avoid imminent deprivations of a constitutional right "must be so apparent that any reasonable policymaker or supervisor would have taken appropriate preventive measures." Horton v. City of Harrisburg, No. 06-2338, 2009 U.S. Dist. LEXIS 63428, *13 (M.D. Pa. July 23, 2009) (quoting Strauss v. Walsh, No. Civ. A. 01-3625, 2002 U.S. Dist. LEXIS 24717, 2002 WL 32341791, at *3 (E.D. Pa. Dec. 17, 2002)). Additionally, in order to recover for municipal liability on a failure-to-train theory, the alleged failure must be "closely related to the ultimate (constitutional) injury." Woloszyn, 396 F.3d at 325.

The Supreme Court has recently reaffirmed the guiding principles which define institutional civil rights liability based upon a failure to train or oversee law enforcement officers. In Connick v. Thompson, – U.S.– , 131 S.Ct. 1350, 1359 (2011), the Court described the parameters of agency liability in the following terms:

> A municipality or other local government may be liable . . .if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 692 (1978). But, under § 1983, local governments are responsible only for "their *own* illegal acts." Pembaur v. Cincinnati, 475 U.S. 469, 479(1986) . . . . They are not vicariously liable under § 1983 for their employees' actions. . . . Plaintiffs who seek to impose liability on local governments under § 1983 must prove that "action pursuant to official municipal policy" caused their injury. Monell, 436 U.S., at 691. Official municipal policy

includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. . . . . These are "action[s] for which the municipality is actually responsible." Pembaur, supra, at 479–480. In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983. A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train. See Oklahoma City v. Tuttle, 471 U.S. 808, 822–823 (1985) (plurality opinion) ("[A] 'policy' of 'inadequate training' " is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in Monell "). To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." . . . . Only then "can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983. . . . " '[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." . . . . Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program.

Id. (some citations deleted).

Here, in its present form, Blackwell's amended complaint simply does not make sufficient allegations which would permit a finding of institutional liability against the Middletown Borough Police Department, or any other institutional defendant. With respect to these municipal liability claims, in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

(2007) Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Fairly construed, Blackwell's pleadings amount to little more than a formulaic recitation of the elements of a cause of action, a form of pleading that is inadequate. Neither has Blackwell alleged facts that would permit a finding of institutional liability on a failure-to-train theory since he has not alleged well-pleaded facts which would permit an inference that the agency's failure to train "amount[ed] to deliberate indifference to the constitutional rights of persons with whom the [police] c[a]me in contact." Colburn, 946 F.2d at 1028 (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)). Therefore, Blackwell's claims against this institutional defendant fail as a matter of law.

In civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Here, since a municipal police department simply is not a proper party-defendant in a civil rights lawsuit under §1983, Johnson v. City of Erie, Pa., 834 F.Supp. 873, 879 (W.D.Pa.1993), it is submitted that further efforts to try to name the Middletown Borough Police department as a defendant would be futile and this particular defendant should be dismissed without further leave to amend.

## III. **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED as follows:

(1) that Blackwell be granted leave to amend his complaint; (2) that the complaint be served upon the individual officers; but (3) that the institutional defendant, Middletown Borough Police department be dismissed from this action.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 16th day of November, 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge