# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM BLACKWELL,** | : | **CIVIL ACTION NO. 1:12-CV-825** |
| Plaintiff | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **MIDDLETOWN BOROUGH POLICE** | : | |
| **DEPARTMENT**, *et al..*, | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 30th day of November, 2012, upon consideration of the Report and Recommendation of United States Magistrate Judge Martin C. Carlson (Doc. 17), recommending that plaintiff be granted leave to amend his complaint (Doc. 1), that the complaint be served upon the individual officers, and that Middletown Borough Police Department be dismissed, and, following an independent review of the record, it appearing that neither party has objected to the magistrate judge's report and

recommendation, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), and the court noting that plaintiff filed an amended complaint on June 15, 2012 (Doc. 8), which does not address the deficiencies set forth in Judge Carlson's Report and Recommendation, it is hereby ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint (Doc. 15) is GRANTED and the Clerk of Court is directed to file plaintiff's amended complaint (Doc. 15, Exh. 1) as a new document.

2. The allegations set forth in the amended complaint against the institutional defendant fail to state a claim upon which relief can be granted and Middletown Borough Police Department is hereby DISMISSED from this action. Further, leave to amend is DENIED as futile with respect to the police department. (See Doc. 17, p. 14).

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

3. The Clerk of Court is directed to provide all necessary documentation, including copies of the amended complaint, to the U.S. Marshals Office for service upon the individual officer defendants, Police Officer Andrew Crone, Police Officer Fure, and Police Sergeant Hiester, and the U.S. Marshals Office is hereby ORDERED to effect service.

4. The above-captioned case is REMANDED to Magistrate Judge Carlson for further proceedings.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge